UNITED STATES of America,
Plaintiff,

v.

CERTAIN INTERESTS IN PROPERTY IN MACOMB COUNTY, MICHIGAN, Selfridge Apartments, Inc., a Corporation, et al., Defendants.

Civ. No. 17772.

United States District Court
E. D. Michigan, S. D.

July 18, 1958.

Joseph P. Sitek, Asst. U. S. Atty., Detroit, Mich., for plaintiff, United States.

Snider, Feikens, Dice & Thompson, Detroit, Mich., for Selfridge Apartments, Inc.

Paul L. Adams, Atty. Gen. of Michigan, and Thomas H. Healy, Asst. Atty. Gen. of Michigan, for trustees of Michigan State Employees' Retirement Fund.

Matthews, Nank & Bruff, Mt. Clemens, Mich., for Macomb County, Harrison Tp. and L'Anse Cruse Public

Schools, Clifford A. John, Mt. Clemens, Mich., of counsel.

O'SULLIVAN, District Judge.

## Facts

The United States Government owns certain lands in Macomb County, Michigan. They leased these lands to Selfridge Apartments, Inc., under a long-term lease and that company erected thereon some housing units. Selfridge Apartments, Inc., obtained a loan of several millions of dollars from the Michigan State Employees Retirement Fund, securing its promise to repay this loan with a mortgage on the leasehold interest it held from the United States Government. A balance of this mortgage remains unpaid.

The instant action is a condemnation proceeding whereby the United States seeks to acquire the leasehold interest of the Selfridge Apartments, Inc., in the premises in question. The plaintiff's complaint and the declaration of taking by the Secretary of the Air Force of the United States avers that it seeks to acquire the leasehold in question, subject to the outstanding mortgage held by the Michigan State Employees Retirement Fund.

Various taxing units of Macomb County, Michigan, in the year 1957, assessed taxes against Selfridge Apartments, Inc., pursuant to Act 189 of the Public Acts of Michigan of 1953, and by pleadings on file, aver that said taxes now amount to the total sum of $93,-407.60. The Michigan State Employees Retirement Fund and the aforesaid taxing units of the County of Macomb were named as parties to the instant proceeding, and were notified of its pendency.

The United States, as plaintiff, has deposited with the Clerk of this Court the sum of $350,000 as its estimate of the value of the equity of the Selfridge Apartments, Inc., in the leasehold, over and above the unpaid balance on the mortgage.

## Pending Motions

The following motions have been made by the parties to this action, all of which have been submitted to the Court for decision;

1) Selfridge Apartments, Inc., have filed a motion to dismiss the tax claims of the County of Macomb, Township of Harrison, and L'Anse Cruse Public Schools;

2) Selfridge Apartments, Inc., have filed a motion for order to have distributed to it the $350,000 deposited with the Clerk of this Court at the time of filing of the complaint herein;

3) The Michigan State Employees Retirement Fund has filed a motion for order directing the United States to issue, by and through the Federal Housing Commissioner, debentures in accordance with the provisions of Section 803 of Title VIII of the National Housing Act, 12 U.S.C.A. § 1748b;

4) The Michigan State Employees Retirement Fund have filed a motion for order denying distribution of the deposit to Selfridge Apartments, Inc.;

5) Selfridge Apartments, Inc., have filed a motion to drop the trustees of the Michigan State Employees Retirement Fund as parties defendant;

6) The United States, as plaintiff, has filed a motion to dismiss the trustees of the Michigan State Employees Retirement Fund as parties defendant.

Actually, these motions present two principal questions, the resolution of which will dispose of all pending motions.

a) Should the Court permit the aforesaid taxing units to remain as parties to the litigation, and should the Court direct the retention by the Clerk of a sufficient part of the aforesaid deposit to cover the amount of the taxes claimed by the Macomb County taxing units, and

b) Should the Court permit the discontinuance or dismissal of the action as to the Michigan State Employees Retirement Fund and order distribution of all or a part of the funds deposited, over the objection of the said Fund?

Discussion of Motions

a) *Tax Claims:* Selfridge Apartments, Inc., contends that under the above mentioned Act of the Michigan Legislature, the only remedies available to the Macomb County taxing units for collection of their taxes are actions of assumpsit against Selfridge Apartments, Inc. It appears that such assumpsit actions are now pending in this Court. Selfridge Apartments, Inc., aver that under this Act, no lien in favor of these taxing units exists against the land or the leasehold and that, therefore, these taxing units have no place in this litigation and no relief can be granted to them by way of paying them the taxes found to be due them out of the deposit on hand or any award that may be made in the condemnation. Section 258a, Title 40 U.S.C.A., governs the procedure involved herein. That Section provides, in part, as follows:

"Upon the application of the parties in interest, the court *may* order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding."

Section 404 as amended by § 514 of Public Law 1020 of the 84th Congress, 42 U.S.C.A. § 1594a, which covers acquisition by condemnation under the Wherry Act, provides in sub-paragraph (c) in part as follows:

"Unless title is in dispute, the court, upon application, *shall* promptly pay to the owner at least 75 per centum of the amount so deposited, but such payment shall be made without prejudice to any party to the proceeding."

Section 258a, Title 40, likewise provides that in such a proceeding as is involved herein,

"The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."

No case has been cited to this Court wherein it has been determined that taxing authorities, proceeding under the aforesaid Michigan Act, cannot be aided by the last mentioned provision of Section 258a.

It is alleged by Selfridge Apartments, Inc., that because the taxes so assessed are not a lien upon the premises, the aforesaid Macomb County taxing authorities have no standing in this litigation. Without a discussion of the authorities cited for and against this proposition, this Court is of the opinion that it would be permissible for this Court to withhold from distribution at this time such an amount of the money on deposit as will be substantially equal to the amount of taxes claimed by said taxing authorities. The language of the Act seems to be very broad and gives the power to this Court to make such orders in relation to taxes as shall be just and equitable. In enumerating the things concerning which the Court may make appropriate orders, the language of the Act does not limit it to liens, but mentions rents, taxes, insurance, etc., some of which, obviously, would not constitute liens against condemned premises. The Court, accordingly, does not think it should order at this time a distribution of the entire fund deposited, but under terms hereinafter stated will enter an order for distribution of $250,000 of the aforesaid fund.

b) *Status of Michigan State Employees Retirement Fund:* Without discussing the various statutes cited in the pleadings in this cause and the briefs filed by the respective parties, it is apparent to the Court from a reading of them that Congress did intend that such a condemnation proceeding as the one here pending may include a taking by the Government of an interest in land such as the leasehold of Selfridge Apartments, Inc., subject to an outstanding mortgage encumbrance. The pleadings of the Government specifically stated that its taking was intended to be subject to the mortgage interest and the Government now moves to dismiss the

action as to the mortgagee. This Court is of the opinion that no prejudice can result to the interest of the said mortgagee if it is eliminated as a party to this cause, as the Government's taking is expressly made subject to all of its rights. The Court is of the opinion that no security now held by it can or will be impaired if this case proceeds to judgment without said mortgagee being a party thereto, and the mortgage will remain in force with all securities provided therein to protect the interest of the mortgagee.

██ c) *Mortgagee's Application for Order Requiring the Government to issue FHA Debentures*: The Court finds no authority whereby the Court in this proceeding may make the order sought by the mortgagee in its motion entitled, motion for FHA debentures.

### Conclusion

The Court believes that appropriate orders should be prepared by the United States Government, Selfridge Apartments, Inc., and the aforesaid Macomb County taxing units to the end that:

1) $250,000 of the fund now on deposit shall forthwith be disbursed to Selfridge Apartments, Inc., and the balance of $100,000 shall be retained in the custody of the Clerk of this Court until further order of this Court. It is suggested by the Court that the parties who will remain as such after the dismissal of the Michigan State Employees Retirement Fund as a party, present an agreed order whereby the Clerk shall invest the aforesaid $100,000 in interest-bearing securities of the United States Government so that earnings on said money shall not be lost during the pendency of this action.

2) The Michigan State Employees Retirement Fund be dismissed as a party to this proceeding, and that its motion for issuance of FHA debentures be denied.

Such orders shall be drawn in such form as to make disposition of all pending motions referred to hereinabove.

This opinion is in no way an adjudication of the validity of the tax claims of the Macomb County taxing authorities, which question is involved in the assumpsit actions now pending. This opinion and the orders to be entered pursuant thereto are intended only to deny, at this time, the Selfridge Apartments, Inc., motion to dismiss the aforesaid tax claims and to limit, at this time, the distribution of the desposited funds to the sum of $250,000.